**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **COLONY INSURANCE CO.,** | ) | Case No. 1:09 CV 941 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Judge Dan Aaron Polster** |
| vs. | ) | |
| | ) | |
| **OBO DEMOLITION & CONSTRUCTION, INC.,** | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Presently pending is the Court's Show Cause Order advising the parties that it was not inclined to exercise its discretion to adjudicate this federal declaratory judgment insurance coverage case, setting forth the reasons therefor (**ECF No. 3**). Now, after having reviewed the briefs in support of, and in opposition to, the Court's exercise of discretion (respectively, ECF Nos. 4 and 10), the Court has determined, for the reasons to follow, to **DECLINE** to exercise that discretion. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**.

**I.**

On or about December 2, 2008, the City of Cleveland ("the City") filed an action against Defendant Standex International Corporation ("Standex") and Apollo Real Estate Company in state court for damages arising from the environmental contamination of "the Trinity site" (several parcels of land encompassing 9203-08 Detroit Avenue in Cleveland, Ohio).

*ECF No. 1* ("Compl.") ¶ 7. The action, entitled *City of Cleveland v. Standex, Int'l Corp.*, was filed in the Court of Common Pleas, Cuyahoga County, Ohio under Case No. CV-08-677830, ("the underlying case" or "the state court case"). *Id*. ¶ 1.

On or about February 4, 2009, Standex filed a third-party complaint in the underlying case against Defendant OBO Demolition & Construction, Inc. ("OBO"), alleging that the City hired OBO to perform demolition activities at the Trinity site, OBO knew that the site was contaminated with hazardous substances, and OBO knowingly exacerbated the harm by failing to follow protocol with regard to demolished rubble and improperly transporting hazardous materials offsite. *Compl*. ¶¶ 10-12. Standex alleges that, as a result of OBO's actions, Standex was forced to enter a settlement agreement with the U.S. EPA, for which it has incurred more than $500,000 in clean-up costs. *Id*. ¶ 13. Standex claims that OBO shares common liability for the release of hazardous substances at the Trinity Site and seeks contribution. *Id*. ¶ 14.

After being sued in the underlying case, OBO asked its insurer, Plaintiff Colony Insurance Company ("Colony"), to provide defense and indemnification coverage for the state court action. *Compl*. ¶ 9. Colony is presently defending OBO in the underlying case under a reservation of rights. *Id*.

On April 23, 2009, Colony filed the above-captioned complaint in this Court against OBO and Standex, seeking a declaration of its rights and obligations under an insurance policy that Colony issued to OBO for claims asserted against it by third parties. *Compl*. ¶ 1. The policy at issue, No. GL123700, provides OBO with commercial general liability coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily

injury' or 'property damage' to which this insurance applies." *Id*. ¶ 15. Property damage is "physical injury to tangible property, including all resulting loss of use of that property." *Id*. ¶ 16. The insurance applies to bodily injury and property damage only if such was caused by an "occurrence" that takes place in the "coverage territory" during the "policy period." *Id*. ¶ 15. An occurrence is "an accident including continuous or repeated exposure to substantially the same general harmful conditions." *Compl*. ¶ 16. The policy contains a plethora of exclusions for many different types of bodily injury or property damage. *See id*. ¶¶ 17-40. Colony asks this Court to declare that (1) Standex' damages do not constitute bodily injury or property damage caused by an occurrence as defined by the policy, (2) all of Standex' claims against OBO are excluded, and (3) Colony is not obligated to defend or indemnify OBO in the underlying case.

## II.

"Exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory." *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004). Rather, a district court "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). The statute, thus, affords the district court discretion "in determining whether and when to entertain a case brought under the Declaratory Judgment Act, even when the case otherwise satisfies subject matter jurisdiction prerequisites." *Adrian Energy Assoc's. v. Mich. Pub. Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007) (quotation omitted).

In *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), the Sixth Circuit identified the following factors which the Court must consider in determining whether to exercise jurisdiction over a declaratory judgment case:

>(1) whether the declaratory action would settle the controversy;
>
>(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
>(3) whether the remedy is being used merely for the purpose of "procedural fencing" or to provide an arena for a race for *res judicata*;
>
>(4) whether the use of a declaratory judgment action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
>(5) whether there is an alternative remedy that is better or more effective.

*Id*. at 326. When evaluating the fourth factor, the Court must also consider whether the underlying factual issues are important to an informed resolution of the case; whether the state court is in a better position to evaluate those factual issues than the federal court, and whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action. *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967-68 (6th Cir. 2000).

The Sixth Circuit recently issued a decision entitled *Travelers Indemnity Co. v. Bowling Green Professional Associates, PLC*, 495 F.3d 266 (6th Cir. 2007). There, the Sixth Circuit found that a district court abused its discretion when it decided to exercise jurisdiction over a federal declaratory judgment action brought by an insurer to determine the issue of coverage in an underlying state court action. In reviewing the *Grand Trunk* factors, the *Travelers* court determined, among other things, that issues of insurance contract interpretation are questions of state law with which state courts "are more familiar and, therefore, better able to resolve." 495 F.3d at 273 (*quoting Bituminous Cas. Corp. V. J & L Lumber Co., Inc.*, 373 F.3d 807, 814 (6th Cir. 2004)). The court also determined that there were alternative remedies that

were better than a federal declaratory judgment action for resolving the insurance coverage issues, i.e., a state declaratory judgment action, or an indemnity action at the conclusion of the underlying state action.

The Court understands that *Travelers* does not create a *per se* rule precluding the district court from exercising jurisdiction over all federal declaratory judgment cases involving insurance coverage. However, *Travelers* makes clear that the exercise of federal jurisdiction over such cases is strongly disfavored. In the wake of *Travelers*, the undersigned has declined to exercise jurisdiction in three federal declaratory judgment actions involving insurance issues. *See Citizens Ins. v. Lanly Co.*, Nos. 1:07 CV 241, 1:07 CV 467, 1:07 CV 469, 2007 WL 3129783 (N.D. Ohio Oct. 23, 2007); *Allstate Ins. Co. v. Regalbuto*, No. 1:07 CV 486, 2007 WL 2286311 (N.D. Ohio Aug. 6, 2007); *Assurance Co. of America v. Hatinco, Inc., et al.*, No. 1:07 CV 3379, 2008 WL 160378 (N.D. Ohio Jan. 14, 2008).

After reviewing the instant complaint, the Court issued a Show Cause Order, advising that it was not inclined to exercise jurisdiction over this case citing *Travelers* and setting forth its reasons. *See ECF No. 3* at 5-6. The Court directed Colony to file a brief explaining how this case is distinguishable from *Travelers* and why the Court should exercise jurisdiction over it. *Id* at 6. Colony filed a brief in support of jurisdiction in response to the Show Cause Order. *ECF No. 4*. After Colony filed a returned waiver of service executed by OBO, the Court directed OBO to file a brief in response to the Show Cause Order. *See non-document entry dated 5-28-09*. OBO thereafter filed a brief in opposition to jurisdiction. *ECF No. 10*. The Court has reviewed the briefs and, for the reasons to follow, declines to exercise jurisdiction over this insurance coverage case.

**III.**

In the complaint, Colony asks the Court to determine whether Standex' damages in the underlying state court case constitute "bodily injury" or "property damage" caused by an "occurrence", whether Standex' damages occurred outside the policy period, and whether Standex' claims against OBO in the underlying state court action are excluded by numerous policy provisions (e.g., the expected/intended exclusion, the "property damage" to real property exclusion, the "property damage" to "your product" exclusion, the damage to your work exclusion, the impaired property exclusion, the designated work exclusion, the knowing violation of another's rights exclusion, the breach of contract exclusion, and the hazardous materials exclusion). *See Compl.* ¶¶ 28-40. In its brief in support of jurisdiction, however, Colony states that the "central issue" in this coverage case is whether the hazardous materials exclusion in its policy with OBO excludes coverage for Standex' claims. *ECF No. 4 at 4-5*. Notably, Colony does not expressly abandon the numerous other issues that predominate this case.

Many of the issues Colony asks the Court to resolve are entwined with the facts the state court judge will have to resolve in the underlying case. For example, Colony wants this Court to determine whether all of Standex' claims against OBO are excluded by the subject policy. The subject policy excludes, among other things, coverage for bodily injury or property damage "expected or intended from the standpoint of the insured." *Compl.* ¶ 17. The Court expects OBO to contest Standex' allegation, in the underlying case, that OBO knew about the presence of hazardous material at the Trinity site; intentionally failed to follow protocol to contain the hazardous rubble; and knowingly exacerbated the situation by improperly

-6-

transporting the hazardous material offsite. The policy also excludes coverage for property damage to that part of the property upon which the contractor worked and the property must be restored because the contractor's work was "incorrectly performed on it." *Id*. ¶ 19. The Court expects OBO to contest Standex' allegation that OBO incorrectly performed its work on the Trinity site. This Court does not want to waste judicial resources adjudicating factual issues the state court judge will be asked to adjudicate, risking inconsistent rulings thereby increasing friction between state and federal courts.

Indeed, this case highlights the problem with federal courts adjudicating insurance coverage issues prior to the adjudication by a state court judge of the underlying liability cases. In the state court action, Standex filed a motion to stay so that it could sue its insurer, Fireman's Fund Insurance Company, in federal court asking a federal judge to determine whether Fireman's Fund is obligated to defend and indemnify Standex in the state court case. *Standex Int'l Corp. v. Fireman's Fund Insurance Co*., Case No. 1:08 CV 1608 (N.D. Ohio). A review of the federal court docket shows that the declaratory judgment action was filed in July 2008; the parties did not consent to the jurisdiction of the Magistrate Judge until November 2008; the first pretrial teleconference took place in December 2008; a partial summary judgment motion was filed, and the case was referred to mediation, on the question of defense coverage in January 2009; the defense coverage issue was apparently settled in February 2009; and the case has now been referred to mediation, presumably on the question of indemnification coverage, in mid to late June 2009. This means that nearly one year will pass before the earliest resolution of an insurance coverage case involving only one party in the underlying action.

Colony now asks the federal court, and a different federal judge, to determine whether it has a duty to defend or indemnify OBO in the state court case. Discovery and dispositive motion practice on the issues asserted in this case could take another year. This means that a third judge will have to wade into, and adjudicate, factual issues duplicative of those in the underlying case – the resolution of which will be stalled for yet another year.

The docket of the state court case reveals that HzW Environmental, which performed the property and risk assessments of the Trinity site and generated the voluntary remediation plan between 2004 and 2007 has now been brought into that case. It may only be a matter of time before HzW Environmental decides to have a federal court determine whether its insurer is contractually obligated to defend and indemnify it for the state court claims.

Meanwhile, absolutely nothing has been done to advance the underlying liability case, and indemnification rulings by different federal judges may turn out to be purely advisory. A decision by me to exercise discretion and decide the insurance coverage issue between OBO and Colony would only further stall the progress of the underlying state court case, before the one judge who could globally resolve all these issues at one time.

The Court also finds that this case involves questions of Ohio insurance contract law which the state court is in the best position to resolve, with any appeals being resolved by Ohio courts. And, while a decision by me would serve a useful purpose in clarifying the scope of insurance coverage as to only one of the parties in the underlying case, it would not advance or settle the underlying controversy that is the subject of the state court action. Too, there are parties in the state court case (the City, Apollo and HzW Environmental) which are not parties to this action that would not be bound by my decisions. Finally, as Colony concedes, there is an

alternative available remedy (i.e., a declaratory judgment action in state court pursuant to Ohio Revised Code § 2721.02). For the reasons previously stated, the Court finds that the alternative remedy is more efficient than piecemeal litigation of insurance coverage issues by various federal judges that precede determinations of liability by the state court judge.

## IV.

Accordingly, the Court **DECLINES** to exercise its discretion to adjudicate this federal declaratory judgment action, which is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

> */s/Dan Aaron Polster    June 17, 2009*
> **Dan Aaron Polster**
> **United States District Judge**